UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Commodity Futures Trading Commission, | CIVIL ACTION |
| Plaintiff, | 04 CIV 02768 - JUDGE WOOD |
| v. | |
| Lexington Royce & Associates, and Artour Arakelian, | CONSENT ORDER TO DISMISS WITHOUT PREJUDICE AND VACATE ASSET FREEZE AS TO RELIEF DEFENDANT UNITED FACTORING LLC. |
| Defendants | |
| and | |
| 65J, Inc., , Productions Torre Fuerte Int'l, Morrish Alliance Ltd. and Sergey U. Kyznetsov, Relief Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/04

On April 12, 2004, the Commodity Futures Trading Commission ("Commission") filed a Complaint, charging defendants Lexington Royce & Associates ("LRA") and Artour Arakelian ("Arakelian") with fraudulent misappropriation of customer funds in violation of Sections 4b(a)(2)(i) and 4b(a)(2)(iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and 6b(a)(2)(iii) (2002), and Commission Regulation 1.1(b)(1) and (3), 17 C.F.R. § 1.1(b)(1) and (3) (2003). The Complaint also charged defendant LRA with soliciting, or accepting any order for, or otherwise dealing in, illegal off-exchange futures contracts in violation of Section 4(a) of the Act, 7 U.S.C. § 6(a) and options contracts in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b). In addition, the Commission asserted that the relief defendants, including United Factoring LLC ("UF" or

Copies mailed / handed / faxed to counsel  7/23/04

"United Factoring"), were gratuitous beneficiaries and custodians of proceeds from the defendants' fraud and should not be permitted to retain these funds.

On April 12, 2004, the Court issued an *ex parte* Statutory Restraining Order with Asset Freeze ("SRO"), which, among other things, ordered a freeze of the defendants' and relief defendants' assets, granted the Commission immediate access to all books and records related to the defendants' businesses, and ordered that the defendants and relief defendants provide to the Commission a full accounting of their assets and funds.

On April 19, 2004, the Court entered an Order Amending the Statutory Restraining Order with Asset Freeze as to UF ("Amended SRO"). The Amended SRO lifted the asset freeze as to UF except for $250,000 maintained by UF at Metropolitan National Bank. On April 20, 2004, the Court entered an Order granting the Commission's motion for Preliminary Injunction as to all parties ("PI Order"). The PI Order did not alter UF's rights and obligations under the Amended SRO.

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of findings of fact and the Order to Dismiss as set forth herein.

I.

**CONSENTS AND AGREEMENTS**

A.  Relief Defendant United Factoring:

    1.  consents to the entry of this Consent Order;

    2.  affirms that United Factoring agrees to this Consent Order voluntarily, and that no promise or threat has been made by the Commission or any member, officer, agent or

representative thereof, or by any other person, to induce consent to this Consent Order, other than as set forth specifically herein;

3. acknowledges receipt of the Complaint;

4. admits jurisdiction of this Court over UF and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002);

5. admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002);

6. waives all claims that United Factoring may possess under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000), to seek costs, fees and other expenses relating to, or arising from, this action;

II. Stipulated ~~FINDINGS OF~~ FACTS

A. The Commission named United Factoring as a relief defendant based upon evidence warranting the conclusion under existing law that United Factoring received ill-gotten gains and that United Factoring was the custodian of these funds. The Commission was substantially justified in naming United Factoring as a Relief Defendant in this matter.

B. Pursuant to the requirements of the April 12, 2004 *Ex parte* Statutory Restraining Order with Asset Freeze, the April 19, 2004 Amended *Ex parte* Restraining Order with Asset Freeze, and the April 20, 2004 Order for Preliminary Injunction, United Factoring provided written representations, records and other documentation showing that it is no longer a custodian of ill gotten gains.

C. The representations, records and other documentation provided by United Factoring show that any ill-gotten gains were conveyed by United Factoring in the course of its money services business, to 65J Inc., another Relief Defendant in this matter.

3

### III.   ORDER TO DISMISS AND VACATE ASSET FREEZE

WHEREAS, for good cause shown:

IT IS HEREBY ORDERED that the Commission's Complaint is dismissed without prejudice as to United Factoring.

IT IS FURTHER ORDERED that the April 12, 2004 Exparte Statutory Restraining Order with Asset Freeze, the April 19, 2004 Amended Exparte Restraining Order with Asset Freeze, and the April 20, 2004 Order for Preliminary Injunction are vacated as to United Factoring. Other than set forth in this Order, the April 20, 2004 Order for Preliminary Injunction remains in full force and effect.

IT IS FURTHER ORDERED that if it is shown that United Factoring's representations to the Commission and the Court were not true, or that United Factoring's records and other documentation showing that it is not a custodian of ill-gotten gains were not true and complete, the Commission may reinstate proceedings against United Factoring.

CONSENTED TO AND APPROVED BY:

_____
Barry R. Feerst
Counsel for United Factoring LLC

_____
Jamie Brown
JB 9453
Commodity Futures Trading Commission

SO ORDERED, this 21st day of July, 2004

_____
Hon. Kimba Wood
United States District Judge
NY, NY

4