USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Commodity Futures Trading Commission, <br><br> Plaintiff, <br><br> v. <br><br> Lexington Royce & Associates, <br><br> and Artour Arakelian, <br><br> Defendants <br><br> and <br><br> 65J, Inc., Productions Torre Fuerte Int'l, Morrish Alliance Ltd. and Sergey U. Kyznetsov, <br><br> Relief Defendants. | CIVIL ACTION <br> 04 CIV 02768 (WOOD) <br><br> (~~Proposed~~) Order For Entry of Judgment By Default, Permanent Injunction, And Ancillary Relief Against Defendants Lexington Royce & Associates and Artour Arakelian and Relief Defendants 65J, Inc., Productions Torre Fuerte Int'l, and Morrish Alliance Ltd. |

On April 12, 2004, the Commodity Futures Trading Commission ("Commission") filed a Complaint, charging defendants Lexington Royce & Associates ("LRA") and Artour Arakelian ("Arakelian") (collectively the "defendants") with fraudulent misappropriation of investor funds in violation of Sections 4b(a)(2)(i) and 4b(a)(2)(iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and 6b(a)(2)(iii) (2002), and Commission Regulation 1.1(b)(1) and (3), 17 C.F.R. § 1.1(b)(1) and (3) (2004). The Complaint also charged defendant LRA with soliciting, or accepting any order for, or otherwise dealing in, illegal off-exchange futures contracts in violation of Section 4(a) of the Act, 7 U.S.C. § 6(a) and options contracts in violation of Section 4c(b) of the Act, 7 U.S.C. §

6c(b). In addition the Commission asserted that the relief defendants 65J Inc. ("65J"), Morrish Alliance Ltd. ("Morrish"), and Productions Torre Fuerte Int'l ("PTFI") (collectively the "Relief Defendants") are gratuitous beneficiaries and custodians of proceeds from the Defendants' fraud and should not be permitted to retain these funds.

On April 12, 2004, the Court issued a Statutory Restraining Order with Asset Freeze ("SRO"), which, among other things, froze the Defendants' and Relief Defendants' assets, granted the Commission immediate access to all books and records related to the defendants' business, and ordered that the Defendants and Relief Defendants provide to the Commission a full accounting of their assets and funds.

The Commission has now submitted its Application for Entry of Default Judgment, Permanent Injunction and Ancillary Relief ("Application") pursuant to F.R.C.P. 55(b)(2) and Local Rule 55.2(b). The Court has carefully considered the Complaint, the allegations of which are well-pleaded and hereby taken as true, the Application and other written submissions of the Commission filed with the Court, and being fully advised in the premises, hereby:

**GRANTS** the Commission's Application For Entry of Judgment by Default, Permanent Injunction, and Ancillary Relief and enters conclusions of law finding the Defendants liable as to all violations as alleged in the Complaint. Accordingly, the Court now issues the following Order for Default Judgment, Permanent Injunction and Ancillary Equitable Relief ("Order") against Defendants and Relief Defendants on issues of liability and the appropriate civil monetary penalties and restitution amounts.

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

## A. Jurisdiction and Venue

This Court has jurisdiction over the subject matter of this action and the Defendants and Relief Defendants pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1, in that the acts and practices in violation of the Act occurred within this district, among other places.

## B. Findings of Fact

From December 2003 until April 2004, Defendant LRA solicited $ 3.5 million in customer funds from approximately 60 customers for the purchase of illegal foreign currency futures contracts. None of the customer investments were traded as promised. Instead, customer checks were deposited into one of two business account in LRA's name ("operating accounts") by Defendant Arakelian, who served as the sole signatory on the accounts. Of the more than $3.5 million in customer funds solicited, nearly all of the funds were misappropriated by the Defendants or directed to the Relief Defendants, none of which is a bank, clearinghouse, or other designated contract facility engaged in legitimate trading activity. Additional funds were used for office supplies and expenses, ATM withdrawals, and bank related fees.

## C. Conclusions Of Law

Defendant Arakelian, the sole signatory on LRA's operating account, engaged in the fraudulent misappropriation of investor funds and, consequently, violated Sections 4b(a)(2)(i)

and 4b(a)(2)(iii) of the Act, and Commission Regulation 1.1(b)(1) and (3). Arakelian engaged in the fraudulent misappropriation of investor funds while acting as LRA's agent, and therefore LRA is vicariously liable for violations of Section 4b(a)(2)(i) and (iii) of the Act, and Commission Regulation 1.1(b)(1) and (3), pursuant to Section 2a(1)(B) of the Act, 7 U.S.C. § 2a(1)(B) (2004). Furthermore, LRA violated Section 4(a) of the Act by soliciting or accepting an order for, or otherwise dealing in, illegal off-exchange futures contracts.

## ORDER FOR PERMANENT INJUNCTION

**IT IS HEREBY ORDERED** that:

Defendants LRA and Arakelian are permanently restrained, enjoined and prohibited from directly or indirectly:

    a.    (1) cheating or defrauding or attempting to cheat or defraud any persons; and (2) deceiving or attempting to deceive any person: in or in connection with orders to make, or the making of, contracts of sale of commodities for future delivery, made, or to be made, for or on behalf of other persons where such contracts for future delivery were or may have been used for (1) hedging any transaction in interstate commerce in such commodity, or the products or byproducts thereof, or (2) determining the price basis of any transaction in interstate commerce in such commodity, or (3) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof

    b.    Offering to enter into, entering into, executing, confirming the execution of, or conducting business for the purpose of soliciting, accepting any order for, or otherwise dealing in any transaction in, or in connection with, a contract for the purchase or sale of a commodity for future delivery when: (1) such transactions

have not been conducted on or subject to the rules of a board of trade which has been designated by the Commission as a "contract market" for such commodity; and (2) such contracts have not been executed or consummated by or through a member of such contract market;

c. Soliciting, receiving, or accepting any funds in connection with the purchase or sale of any commodity futures contract or any option on a futures contract;

d. Controlling or directing the trading of any commodity futures or commodity options account for or on behalf of any person or entity, directly or indirectly, whether by power of attorney or otherwise;

e. Acting in any capacity for which registration with the Commission is required under the Act;

f. Violating Sections 4(a) and 4b(a)(2)(i) and (iii) of the Act, and Commission Regulations 1.1(b)(1) and (3).

The provisions of this Order shall be binding upon LRA and Arakelian, upon any person insofar as he or she is acting in the capacity of officer, agent, servant or employee of LRA or Arakelian, and upon any person who receives actual notice of this Consent Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with LRA or Arakelian.

## ORDER FOR ANCILLARY EQUITABLE RELIEF

**IT IS FURTHER ORDERED** that:

Arakelian, individually, and on behalf of LRA, is ordered to pay restitution in the amount of $3,569,049.53 ("Restitution Obligation"), which represents the amount solicited from LRA

customers. Post-judgment interest shall accrue on the Restitution Obligation at the rate of 1.46%, pursuant to 28 U.S.C. § 1961;

The Restitution Obligation shall be offset by the amount distributed to LRA customers from funds seized by criminal authorities in the related criminal action;

Payment of the civil monetary penalty shall be made to the Commodity Futures Trading Commission, Division of Enforcement, 1155 21st Street, N.W., Washington, D.C. 20581 to the attention of Ms. Dennese Posey. Payment must be made by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission. The payment(s) shall include a cover letter that identifies Arakelian and the name and docket number of this proceeding. The cover letter shall also indicate the extent to which the Restitution Obligation was offset by amounts seized by criminal authorities in the related criminal action. Arakelian shall simultaneously transmit a copy of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.

**IT IS FURTHER ORDERED** that:

Plaintiff Commission is awarded judgment against LRA and Arakelian, of a civil monetary penalty in the amount of $4,137,000, which represents the statutorily prescribed penalty amount of three times the monetary gain from this fraud. Upon completion of payment of the entire restitution amount described above, Arakelian, individually, and on behalf of LRA shall pay post-judgment interest on the civil monetary penalty amount thereon from the date of this Order until the civil monetary penalty amount is paid in full at the rate of 1.46%, pursuant to 28 U.S.C. § 1961;

Payment of the civil monetary penalty shall be made to the Commodity Futures Trading Commission, Division of Enforcement, 1155 21st Street, N.W., Washington, D.C. 20581 to the attention of Ms. Dennese Posey. Payment must be made by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission. The payment(s) shall include a cover letter that identifies Arakelian and the name and docket number of this proceeding. Arakelian shall simultaneously transmit a copy of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.

**IT IS FURTHER ORDERED** that:

The Relief Defendants shall pay to the Commission the following amounts, each of which represents the amount that the Relief Defendant received from the LRA fraud:

1) 65J – $1,379,000

2) PTFI - $ 250,000

3) Morrish - $ 621,000

For each Relief Defendant noted above, respectively, the amount owed shall be offset by any amounts seized from that Relief Defendant's account by criminal authorities in the related criminal action.

The payments set forth above shall be made to the Commodity Futures Trading Commission, Division of Enforcement, 1155 21st Street, N.W., Washington, D.C. 20581 to the attention of Ms. Dennese Posey. Payment must be made by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission. The payment(s) shall include a cover letter that

identifies the Relief Defendant and the name and docket number of this proceeding. The Relief Defendant shall simultaneously transmit a copy of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.;

**IT IS FURTHER ORDERED** that:

The Defendants or Relief Defendants shall not transfer or cause others to transfer funds or other property to the custody, possession or control of any other person for the purpose of concealing such funds or property from the Court, the Plaintiff, or any officer that may be appointed by the Court.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this case to assure compliance with this Order and for all other purposes related to this action.

SO ORDERED, at __N.Y.__, New York on this 21st day of September, 2005, at __7:00__ a.m./p.m.

_____
Honorable Kimba Wood
UNITED STATES DISTRICT JUDGE